IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:09-CR-031-L** |
| | § | |
| **ENRIQUE MARTINEZ ALONSO (01)** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Sentencing Adjustment, filed August 26, 2010. Defendant Enrique Martinez Alonso ("Defendant") seeks an adjustment of his sentence pursuant to 18 U.S.C. § 3582(c) based upon an amendment to the United States Sentencing Guidelines. The court ordered the government to respond to the motion, and its response was filed on November 10, 2010. After carefully considering the motion and response, the court **denies** Defendant's Motion for Sentencing Adjustment.

Defendant pleaded guilty to uttering counterfeit obligations or securities, in violation of 18 U.S.C. § 472, and illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Defendant was sentenced to 96 months on each count, with the sentences to run concurrently. In computing Defendant's criminal history category, the court added one point pursuant to section 4A1.1(e) of the United States Sentencing Guidelines then in effect because he committed the offense less than two years after his imprisonment on a sentence counted under section 4A1.1(a).

Defendant argues that the amendment to the United States Sentencing Guidelines to eliminate a criminal history point based upon the recency of a prior offense, which went into effect on

November 1, 2010, requires resentencing in his case. He argues that the court should resentence him pursuant to 18 U.S.C. § 3582(c).

The government opposes his request and argues that the amendment in question does not apply retroactively. Accordingly, it contends that he is not entitled to resentencing.

Section 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Section 1B1.10 of the United States Sentencing Guidelines sets forth when the court should reduce a term of imprisonment because of an amended guideline range. Subsection (a)(1) provides:

> In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S. Sentencing Guidelines Manual § 1B1.10(a)(1) (2010). Subsection (c) lists the amendments that are covered by the policy statement.

The amendment to section 4A1.1 that was effective on November 1, 2010, was Amendment 742. U.S. Sentencing Guidelines Manual, Supp. to App. C (2010). Amendment 742 is not listed in section 1B1.10(c). "[I]f an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a

reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement." *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). In *Drath*, the amendment was not listed in section 1B1.10(c), and the court held that it "cannot be given retroactive effect in the context of a § 3582(c)(2) motion, and thus [defendants] are not entitled to a reduction in their sentences." *Id*.

The court therefore determines that the amendment to section 4A1.1 is not retroactive because it is not specifically listed in section 1B1.10(c). Defendant is therefore not entitled to a reduction in his sentence pursuant to section 3582(c)(2). The court **denies** Defendant's Motion for Sentencing Adjustment.

**It is so ordered** this 15th day of November, 2010.

Sam A. Lindsay
United States District Judge